841 F.2d 426
 46 Fair Empl.Prac.Cas. 760,
46 Empl. Prac. Dec. P 37,956, 268 U.S.App.D.C. 304
 Marvin K. HAMMON, et al. United States of America, Appellant,
v.
Marion S. BARRY, Jr., Mayor, D.C., et al. (Two Cases).
Kevin Michael BYRNE, et al. United States of America, Appellant,
v.
Theodore R. COLEMAN, D.C. Fire Chief, et al.
 Nos. 85-5669, 85-5670 and 85-5671.
 United States Court of Appeals,
District of Columbia Circuit.
 March 18, 1988.
 
 Appeals from the United States District Court for the District of Columbia (Civil Action Nos. 84-00903, 85-00782 and 85-00797).
 Before WALD, Chief Judge, ROBINSON, MIKVA, EDWARDS, RUTH BADER GINSBURG, STARR, SILBERMAN, BUCKLEY, WILLIAMS, D.H. GINSBURG and SENTELLE, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of this Court's en banc orders of February 26, 1988, and March 4, 1988, in Nos. 86-5377 and 86-5378, Joseph J. Ledoux v. District of Columbia, granting the joint motion to remand and dismiss, and vacating this Court's opinion, it is
 
 
 2
 ORDERED, by the Court en banc, on its own motion, that the order of November 20, 1987, 833 F.2d 367, granting rehearing by the Court en banc in Hammon be, and the same hereby is, vacated.
 
 
 3
 A dissenting statement of Circuit Judge MIKVA, joined by Chief Judge WALD and Circuit Judges ROBINSON, RUTH BADER GINSBURG and EDWARDS, is attached.
 
 
 4
 DISSENTING STATEMENT ACCOMPANYING ORDER REVOKING PREVIOUS ORDER TO REHEAR Hammon v. Barry (No. 85-5669) En Banc.
 
 
 5
 Dissenting Statement filed by Circuit Judge MIKVA, in which Chief Judge WALD, and Circuit Judges ROBINSON, RUTH BADER GINSBURG and EDWARDS join.
 
 MIKVA, Circuit Judge, dissenting:
 
 6
 This court today revokes its earlier decision to rehear this case en banc. The court has already labored for so many pages in the prior two opinions in this case, see Hammon v. Barry, 813 F.2d 412 (35 pages), petition for rehearing denied, 826 F.2d 73 (D.C.Cir.1987) (20 pages), that we are reluctant to further burden bench and bar by criticizing the ill-suited directions taken by the panel majority.
 
 
 7
 However, this case concerns one of the fundamental dilemmas our society faces: how to eliminate a " 'manifest imbalance' that reflected underrepresentation" of women and minorities in the work force. Johnson v. Transportation Agency, Santa Clara County, California, --- U.S. ----, 107 S.Ct. 1442, 1452, 94 L.Ed.2d 615 (1987). As the Supreme Court and our sister courts have worked their way through the difficult problems faced by employers in achieving this goal, the Supreme Court has emphasized the indispensable contribution of voluntary employer action in eliminating the vestiges of discrimination in the workplace. See Steelworkers v. Weber, 443 U.S. 193, 204, 99 S.Ct. 2721, 2727, 61 L.Ed.2d 480 (1979).
 
 
 8
 Notwithstanding this clear expression of favor, the panel majority in this case has struck down the city of Washington's voluntary efforts to remove the vestiges of discrimination in the local Fire Department. It is hard to recall an instance where leading precedents of the Supreme Court have been given shorter shrift by this court. The panel majority complained that the Supreme Court in Johnson did not speak plainly enough as to what it meant by "manifest imbalance." We think the direction of the Court in Johnson and elsewhere is manifestly clear and regret our inability to persuade our colleagues of this reading. As the appellate process in this case further unfolds, we trust that all the members of this court will come to share a common reading. The question presented in this case is too important to leave in its present unsatisfactory state in this circuit or elsewhere.